**SO ORDERED.**

**SIGNED this 08 day of October, 2008.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| **RICK ALLEN ROBERTS,** | **CASE NO. 06-10058** |
| | **CHAPTER 7** |
| **DEBTOR.** | |

**MEMORANDUM OPINION AND ORDER DENYING THE TRUSTEE'S
OBJECTION TO EXEMPTION OF LIFE INSURANCE PROCEEDS**

The matter under advisement is the Chapter 7 Trustee's objection to the Debtor's exemption of the proceeds of an insurance policy insuring the life of Debtor's deceased son. The Chapter 7 Trustee, Linda S. Parks, appears by Gaye B. Tibbets. The Debtor, Rick Allen Roberts, appears by Broc E. Whitehead. There are no other appearances. The Court has jurisdiction.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Objections to exemptions are core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

**STIPULATED FACTS.**

Debtor, a Kansas resident, filed a petition for relief under Chapter 7 on January 24, 2006. The § 341 meeting of creditors was held on February 27, 2006.

On February 13, 2006, Debtor's son, Jason Roberts, passed away. At the time of his death, Jason Roberts was the owner of a policy of insurance through his employer, The Kroger Co., pursuant to which he was insured with Metropolitan Life Insurance Company in the amount of $20,000. As to the beneficiary, the policy provides:

### BENEFICIARY

A. Your Beneficiary
 The "Beneficiary" is the person or persons you choose to receive any benefit payable because of your death.
 You make your choice in writing on a form approved by us. This form must be filed with the records for This Plan.
 * * *
D. No Beneficiary at Your Death
 If there is no Beneficiary at your death for any amount of benefits payable because of your death, that amount will be paid to one or more of the following persons who are related to you and who survive you:
 1. spouse;   3. parent;
 2. child;    4. brother and sister.
 However, we may instead pay all or part of that amount to your estate.

There is no evidence that Jason Roberts completed and returned a beneficiary designation form to his employer or the insurance company. Jason had no spouse or child at the time of his death, but was survived by his parents, who were divorced.

On or about June 7, 2007, Debtor filed an amended Schedule C on which he claimed "Metropolitan Life Insurance on deceased son" as exempt pursuant to K.S.A. 60-2313(a)(7). The Trustee filed a timely objection.

On or about November 22, 2006, Metropolitan Life insurance Company paid $10,102.05, one-half of the policy proceeds, to Debtor. The other half was paid to Jason's mother. Metropolitan is holding the proceeds paid to Debtor in a control account.

**CONTROLLING STATUTES AND POSITIONS OF THE PARTIES.**

Even though Debtor's son died post-petition, Debtor's interest in the policy of insurance on his son's life is property of the estate pursuant to 11 U.S.C. § 541(a)(5)(C). That subsection includes in the estate any interest in property of the debtor "as a beneficiary of a life insurance policy or of a death benefit plan" which would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition and the debtor acquires such interest or becomes entitled to acquire such interest within 180 days of filing.

Since Kansas has opted out of the federal exemptions,[2] Debtor seeks to exempt the policy proceeds from his estate in reliance on the Kansas life insurance exemption, K.S.A. 60-2313(a)(7). It provides for the exemption of interests in policies of life insurance as follows:

> (a) Except to the extent otherwise provided by law, every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state:
>
> * * *
>
> (7) Any interest in any policy of insurance or beneficiary certificates upon a person's life exempt from process pursuant to K.S.A. 40-414 and amendments thereto.

K.S.A. 40-414 provides for the exemption of the interest of beneficiaries of life insurance policies as follows:

> (a) If a life insurance company or fraternal benefit society issues any policy of insurance or beneficiary certificates upon the life of

---

[2] K.S.A. 60-2312.

> an individual and payable at the death of the insured, or in any
> given number of years, to any person or persons having an
> insurable interest in the life of the insured, the policy and its
> reserves, or their present value, shall inure to the sole and separate
> use and benefit of the beneficiaries named in the policy and shall
> be free from:
>
> (1) The claims of the insured or the insured's creditors and representatives;
>
> (2) the claims of any policyholder or the policyholder's creditors
> and representatives, subject to the provisions of subsection (b);
>
> (3) all taxes, subject to the provisions of subsection (d); and
>
> (4) the claims and judgments of the creditors and representatives of
> any person named as beneficiary in the policy of insurance.

The Trustee asserts that "Debtor can not exempt the life insurance proceeds, because the Kansas exemption statute requires a *named* beneficiary, rather than a beneficiary *described* by a status, of 'parent.'"[3] According to the Trustee, the rules of statutory construction applicable when the language of a statute is plain and unambiguous compel this result. Debtor, as one would expect, argues that the Kansas exemption statute is to be liberally construed and the Kansas legislature intended to protect life insurance benefits payable to the insured's family or the beneficiary described by the insured.[4] Based upon the analysis below, the Court rejects the Trustee's narrow construction of the exemption statute and holds that the proceeds of the group policy insuring the life of Debtor's son are exempt.

---

[3] Doc. 118, p. 3.

[4] Doc. 117.

4

**ANALYSIS.**

The first statute providing for exemption of interests in life insurance policies was enacted in New York in 1840.[5] Kansas enacted such an exemption in 1871.[6] In 1902, the Kansas Supreme Court construed the exemption statute, as amended by the 1895 legislature, to include the proceeds of beneficiary certificates after payment to the insured's wife. The statute provided:

> In case any life insurance company, fraternal order or beneficiary society shall have issued, or shall hereafter issue, any policy or policies of insurance or beneficiary certificate upon the life of an individual and payable at the death of the assured, or in any given number of years, to any person or persons having an insurable interest in the life of the assured, all such policies and their reserves of the present value thereof shall inure to the sole and separate use and benefit of the beneficiaries named therein, and shall be free from the claims of the assured, and shall also be free from the claims of the person or persons effecting such insurance, their creditors and representatives, and shall be free from all taxes and the claims and judgments of the creditors and representatives of the person or persons named in said policy or policies of insurance.[7]

The title of the 1895 act amending the prior exemption statute was "An act to exempt from legal process to beneficiaries the proceeds of life insurance policies and beneficiary certificates."[8] Although characterizing the statue as "inartistic in form, inaccurate in language, and imperfect as

---

[5] *See* Stefan A. Riesenfeld, *Life Insurance and Creditors' Remedies in the United States*, 4 UCLA L. Rev. 583, 589 (1956-57).

[6] L. 1871, ch. 93, § 77.

[7] *Emmert v. Schmidt*, 65 Kan. 31, 34, 68 P.1072, 1073 (1902).

[8] *Id.*

5

a model of legislative exactness,"[9] the Court, in reliance on the words of the statute and the title of the act, found the legislature intended to exempt the beneficiary fund. This construction was in keeping with the trend of legislation of other states of "shielding insurance proceeds . . . from creditors of beneficiaries."[10] Neither the Kansas legislature nor courts have sought to overturn *Emmert*."[11] Rather, the version of the life insurance exemption statute applicable to this case expressly exempts the proceeds of life insurance after payment to beneficiaries.

The Trustee's argument that Debtor's insurance proceeds are outside the scope of the exemption statute is based upon the statute's phrase "beneficiaries named in the policy." According to the Trustee, this phrase is clear and unambiguous and limits the exemption to beneficiaries identified by name in the policy and excludes from the protection of the statute those receiving proceeds of life insurance because of their status, such as parent of the insured.

The Court finds that phrase "beneficiaries named in the policy" ambiguous. It could mean, as urged by the Trustee, the person identified by name as a beneficiary of the policy, such as a designation of "John Doe," on a form submitted to and accepted by the insurer for the purpose of identifying beneficiaries. "Named" does mean to "cite by name."[12] But "named" also means to specify or fix.[13] The term "beneficiaries named in the policy" can therefore also

---

[9] *Id.*

[10] Riensfeld, *Life Insurance*, 4 UCLA L. Rev. at 602.

[11] *See In re Douglas*, 59 B.R. 836, 840 (Bankr. D. Kan. 1986).

[12] *The American Heritage Dictionary of the English Language* 1167 (4th ed. 2006).

[13] *Id.*

6

mean those persons who under the policy terms are specified or fixed as persons entitled to death proceeds.

When a statute is ambiguous, the courts attempt to ascertain the intent of the legislature.[14] The Court can find nothing indicating intent to limit the benefit of exemption based upon the manner in which the beneficiary is designated by the policy. In *Emmert*, the Court very liberally construed the 1895 exemption statute to cover proceeds in the hands of the beneficiary, and that construction of the exemption has now been codified. Under Kansas law, the insurance exemption, like the homestead exemption, is to be liberally construed.[15] There is no reason to believe that the legislature found those persons who are beneficiaries by virtue of their status as a spouse, child, parent, or other relative are not deserving of the benefit of the exemption while those identified by their given names should be protected.

The policy at issue was an employment benefit provided to Debtor's son, rather than an individual policy. The policy is therefore governed by ERISA.[16] Under ERISA, beneficiary "means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."[17] In this case, Debtor was a beneficiary identified by the policy. It appears to the Court that reliance upon the policy designation of beneficiary will be more common for this type of policy than when the insured has made a decision to purchase an individual life policy, often to provide protection to a specific individual.

---

[14] *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025, 1942 (2007).

[15] *Exchange State Bank v. Poindexter*, 137 Kan. 101, 107, 19 P.2d 705, 708-09 (1933).

[16] *E.g., Metropolitan Life Ins. Co. v. Parker*, 436 F.3d 1109, 1111 (9th Cir. 2006).

[17] 29 U.S.C. § 1002.

7

If the Court were to accept the Trustee's narrow definition of "beneficiaries named in the policy," the exemption would be unavailable for the significant percentage of ERISA and other group policy beneficiaries where the insured simply relies on the employee benefit plan hierarchy of beneficiaries.

**CONCLUSION.**

The Court therefore holds that Debtor is entitled to claim the insurance proceeds exempt under Kansas law, even though he is a beneficiary named in the policy based upon his status as surviving parent of the insured rather than based upon being chosen by the insured on a form provided by and submitted to the insurance carrier. The Trustee's objection to Debtor's claim of exemption is denied.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###